UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION – DETROIT

In re:

Nancy J. Hamacher,    Case No. 14-59741-wsd
                     Hon. Walter Shapero
    Debtor.          Chapter 7

_____/

## OPINION DENYING TRUSTEE'S OBJECTIONS TO DEBTOR'S CLAIMS OF EXEMPTION

### Introduction

The Chapter 7 Trustee objected to several of Debtor's claims of exemption. One objection raises the issue of whether the Debtor is entitled to claim a state law exemption pertaining to realty held as tenancies by the entireties as of the filing date, despite the *postpetition* death of the co-tenant. The Court concludes that she is.

### Undisputed Facts

Nancy Hamacher ("Debtor") filed the present Chapter 7 petition on December 30, 2014. She listed on Schedule A real property in Livonia, Michigan and two real properties in Gladwin, Michigan (collectively, "the Realty") then held as tenancies by the entireties with her non-filing spouse. On her Schedule C, Debtor claimed state exemptions for the Realty pursuant to Mich. Comp. Laws § 600.5451(1)(n), which exempts "real property, held jointly by a husband and wife as a tenancy by the entirety, except that this exemption does not apply with regard to a claim based on a joint debt of the husband and wife." On March 27, 2015, Debtor filed an Amended Schedule C reiterating the originally filed exemptions as pertains to the Realty. On April 21,

1

2015 Debtor's husband Edward Hamacher ("Mr. Hamacher") passed away. On April 24, 2015, the Chapter 7 Trustee ("Trustee") filed an objection to Debtor's claim of exemption as to the Realty, claiming that by virtue of Mr. Hamacher's passing, Debtor was no longer entitled to claim the indicated tenancy by the entireties exemption. Debtor received her discharge on May 14, 2015.

Discussion

It is undisputed that the Debtor's tenancy by the entirety interest that existed as of the filing date terminated upon Mr. Hamacher's postpetition death and the fee simple ownership thereupon became vested solely in Debtor. The Trustee argues that Debtor cannot claim the state law tenancy by the entireties exemption because her interest is no longer an entireties interest. Debtor argues that her entitlement to that tenancy by the entireties exemption should be determined as of the petition date, when in fact it was so held. The Trustee bears the burden of proof on his objection by a preponderance. *In re Stanley*, 494 B.R. 287, 289 (Bankr. E.D. Mich. 2013). An exemption should be liberally construed in favor of the debtor and in light of the purpose for which it was created. *Id*.

It is a well-established general principle that exemptions are determined as of the bankruptcy petition filing date. *In re Wengerd*, 453 B.R. 243, 250 (B.A.P. 6th Cir. 2011) *Matter of Brown*, No. 14-48421-MBM, 2015 WL 1541423, at *3 (Bankr. E.D. Mich. Apr. 1, 2015); *In re Horn*, No. 13-62505-WSD, 2014 WL 4187374, at *4 (Bankr. E.D. Mich. Aug. 12, 2014); *In re Buick*, 237 B.R. 607, 609 (Bankr. W.D. Pa. 1999).

11 U.S.C. § 522(3) provides:

(3) Property listed in this paragraph is—

***

> (B) any interest in property in which the debtor had, *immediately before the commencement of the case*, an interest as a tenant by the entirety or joint tenant to the extent that such interest as a tenant by the entirety or joint tenant is exempt from process under applicable nonbankruptcy law[.]

(emphasis added). Thus, consistent with that general principle, the very language of the applicable exemption statute itself, speaking as it does of the situation as of *the commencement of the case*, requires the conclusion Debtor here argues for. As noted, the applicable non-bankruptcy law in this case is the cited Michigan statute exempting property held as a tenant by the entirety. When statutory language is plain, "the sole function of the courts—at least where the disposition required by the text is not absurd—is to enforce it according to its terms." *Lamie v. U.S. Trustee*, 540 U.S. 526, 534 (2004).

Reinforcing that conclusion are Code provisions defining what is property of the bankruptcy estate. Section 541(a)(1) provides that the commencement of a case creates an estate comprised of "all legal or equitable interests of the debtor in property *as of the commencement of the case*." (emphasis added). That language, as respects an interest in property in fact held at the commencement of the case, provides that one should look to the nature of the interest at that time. The Code, in § 541(a)(5)(A) for instance, does provide that three specific kinds and interests in real property acquired postpetition become property of the estate, to wit:

> (5) Any interest in property that would have been property of the estate if such interest had been an interest of the debtor on the date of the filing of the petition, and that the debtor acquires or becomes entitled to acquire within 180 days after such date--
>
> (A) by bequest, devise, or inheritance;
>
> (B) as a result of a property settlement agreement with the debtor's spouse, or of an interlocutory or final divorce decree; or
>
> (C) as a beneficiary of a life insurance policy or of a death benefit plan.

3

None of those three specified exceptions is involved here. In the factually analogous case of *In re Alderton*, 179 B.R. 63, 65-66 (Bankr. E.D. Mich. 1995), the debtor and his wife held property as tenants by the entireties as of the filing date, and the non-filing wife died postpetition. That court considered the effect of the wife's death on the debtor's claim of exemption (the exemption there was claimed under the then § 522(b)(2)(B), which is analogous to the present above-quoted § 522(3)(B)), in light of a creditor's argument that § 541(a)(5)(A) brought the property back into the estate. In rejecting the creditor's argument, the *Alderton* court opined:

> The debtor did not acquire his wife's interest in the property by way of inheritance, devise or descent. Therefore, section 541(a)(5)(A) does not apply to bring the property into the estate. *The debtor's exemption was proper at the time he claimed it* and no provision of the Code acts to bring the property back into the estate. Therefore, the debtor's exemption remains valid.

*Id.* at 66 (emphasis added). The same reasoning applies to this case, i.e. first, the indicated three exceptions stated in § 541(a)(5)(A) do not apply in this case and, as a matter of statutory construction, such exceptions should not be expanded to include other unenumerated exceptions. Second, *Alderton* supports the conclusion that tenancies by the entireties exemptions are to be determined as of the filing date.

Further support for the Debtor's position is found in *In re Bradby*, 455 B.R. 476 (Bankr. E.D. Va. 2011). There, as in the case at hand, on the petition date, the debtor owned property with her non-filing husband as tenants by the entireties and the husband died postpetition. The court opined:

> The Debtor exempted her interest in the Real Property on the Petition Date by listing the Real Property on Schedule C of her Petition as exempt… The death of the Debtor's spouse following the Petition Date did not change the status of the Debtor's Real Property ownership interest as of the commencement of the case. Once the exemption has been claimed, the entirety exemption survives and continues to protect the property even when one spouse dies during or after bankruptcy. *Birney v. Smith (In re Birney),* 200 F.3d 225, 229 (4th Cir.1999). The

4

death of a spouse does not result in the transfer of an interest in the property to the surviving spouse because the tenant "in the first instance ... took the entirety which, under the common law, was to remain to the survivor." *Id.* It would appear, therefore, that the Debtor has properly claimed and is entitled to assert the tenancy by the entirety exemption in the Real Property even after the death of her husband.

*Id.* at 481-82. *Bradby* is not materially distinguishable from the present case. *Bradby* was a Chapter 13 case in which the Chapter 13 trustee objected to a claimed tenancy by the entireties exemption and to the debtor's proposed plan. Incident thereto, and in consideration of whether a hypothetical Chapter 7 liquidation would yield a higher dividend to creditors than the proposed Chapter 13 plan, that court addressed the trustee's argument as to whether the exemption was properly claimed. Therefore, at least, *Bradby* considered hypothetically what the case at hand considers in reality.

Additional support for the Debtor's position can be found in *In re Oberlies*, 94 B.R. 916 (Bankr. E.D. Mich. 1988), though it is based on different facts. There, the debtors claimed a tenancy by the entireties exemption and, postpetition, negotiated settlements with their joint creditors so that the wife's liability on the joint debts was waived. The court held that the tenancy by the entireties exemption and its limitations because of any joint debts were fixed as of the date the bankruptcy petition was filed. That same essential principle applies here.

There is some authority supporting the Trustee's position, as summarized by *In re Tharp*, 237 B.R. 213, 216 (Bankr. M.D. Fla. 1999):

> Courts arrive at this result in two ways. Some courts find that the estate obtains the "right of survivorship" held by the debtor on the day of filing the bankruptcy petition and that, upon the death of the spouse, this right of survivorship "matures" into a fee simple interest. *See Dollinger v. Bottom* (*In re Bottom*), 176 B.R. 950, 953 (Bankr.N.D.Fla.1994). *See also Ballard*, 65 F.3d [367, 371 (4th Cir. 1995)].

\*\*\*

5

> Other courts reach the same result by focusing on the unique nature of TBE [tenancy by the entireties] ownership in which each spouse is seized of the whole estate and not a divisible part. *See In re Rerisi,* 172 B.R. 525 (Bankr.E.D.N.Y.1994). Under this analysis, both the debtor and the non-filing spouse own 100% of the TBE property on the petition date. The bankruptcy estate is seized of the *whole* property on the petition date. The post-petition death of one spouse merely operates to eliminate that spouse's interest in the property leaving the estate with a fee simple interest. *Id.* at 529.

(emphasis original). This Court is not persuaded by either approach referred to in *Tharp* or the cases cited therein. First, as discussed above, we are here dealing with clear federal and state exemption statutes and property of the estate provisions that appear to detail the commencement of the case as the decisive determination date. *Tharp* did not specifically discuss that. Second, the Trustee's position in dealing with a tenancy by the entirety situation would essentially make the complete and final administration of a bankruptcy estate dependent upon the occurrence of an unpredictable postpetition death. That, as opposed to the specific 180 day after filing limitation imposed by § 541(a)(5) with regard to the there-specified postpetition estate property additions.. In light of the foregoing, considerations of finality and efficiency should take precedence over a construction of the statute which might build in or create an incentive, purpose or excuse for delaying complete administration of the bankruptcy estate for some indeterminate period.

The Court therefore finds that the Trustee has not met his burden of proving that the Court should deviate from the well-established general rule that exemptions are fixed as of the petition filing date. Therefore, the Court overrules the Trustee's objection to Debtor's claims of exemption as to the Realty.

Other Objections to Claims of Exemption

6

Debtor also claimed exemptions in $1,934.58 being held in a Huntington Bank account ("the Funds") and claimed an exemption pursuant to Mich. Comp. Laws § 38.40, a provision of the State Employees' Retirement Act that provides:

> (1) Except as otherwise provided in this section, the right of a person to a pension, an annuity, a retirement allowance, and any optional benefit and any other right accrued or accruing to any person under the provisions of this act, the various funds created by this act, and all money and investments and income of the funds are exempt from any state, county, municipal, or other local tax.
>
> (2) Beginning January 1, 2012, the right of a person to a pension, an annuity, a retirement allowance, and any optional benefit, and any other right accrued or accruing to any person under the provisions of this act, is subject to state tax upon distribution to the person from the various funds created by this act.
>
> (3) The right of a person to a pension, an annuity, a retirement allowance, any optional benefit, any other right accrued or accruing to any person under the provisions of this act, the various funds created by this act, and all money and investments and income of the funds is subject to the public employee retirement benefit protection act, 2002 PA 100, MCL 38.1681 to 38.1689.

It is stipulated that the Funds originated from and are traceable to Mr. Hamacher's State of Michigan pension that were reduced to cash and deposited prepetition in the account. There is no dispute that Mr. Hamacher's pension is of the sort covered by the statute.

Trustee argues that the above exemption provision does not protect the Funds once reduced to cash in a bank account. Subsection (3) of the above-quoted statute incorporates Mich. Comp. Laws § 38.1683, which provides: "The right of a member or retirant of a retirement system to a retirement benefit shall not be subject to execution, garnishment, attachment, the operation of bankruptcy or insolvency laws, or other process of law and shall be unassignable." The plain language of this latter provision is sufficiently broad to permit Debtor to exempt the Funds, even though they have been reduced to cash in a bank account. *See In re Mihal*, No. 13-54435, 2015 WL 2265790, at *3 (Bankr. E.D. Mich. May 6, 2015) (mandating that a debtor commit Social Security income to a Chapter 13 plan would subject such funds to "the operation of any

7

bankruptcy or insolvency law"). The Court thus concludes the Funds are exemptible under the claimed statute and Trustee's objection to Debtor's exemption is overruled. The Court need not further opine on the issue of the traceability of the Funds.[1]

The Trustee also objected to Debtor's claim of exemption in an anticipated tax refund. Because the parties agreed that the issue has been effectively mooted by virtue of the apparent fact that the tax refund will not materialize, the Court will deny that objection.

## Conclusion

All of the Trustee's objections to Debtor's claims of exemption are denied and Debtor shall present an appropriate order.

**Signed on July 27, 2015**

                                                          **/s/ Walter Shapero**
                                        **Walter Shapero**
                                        **United States Bankruptcy Judge**

---

[1] On that traceability issue, *see generally In re Stanley*, 494 B.R. 287 (Bankr. E.D. Mich. 2013) (Michigan worker's compensation exemption using the language "Money or other benefits paid, provided, allowed to be paid or provided, or allowed…" allows for exemption of bank account funds sourced from and traceable to a worker's compensation award); *In re Lebourdais*, No. 13-50222-WSD, 2014 WL 1165803 (Bankr. E.D. Mich. Mar. 19, 2014) (§ 522(d)(11) exemption, which pertains to "The debtor's right to receive, or property that is traceable to… a payment in compensation of loss of future earnings of the debtor" allows for exemption of bank account funds sourced from and traceable to a worker's compensation award).